OPINION
{¶ 1} On March 19, 2004, Ohio State Highway Patrol Trooper Chad Maines cited appellant, Adam Brush, for operating a motor vehicle while impaired in violation of R.C. 4511.19(A)(1) and (5), driving under suspension in violation of R.C. 4510.14 and failure to drive within marked lanes in violation of R.C. 4511.33.
 {¶ 2} On April 22, 2004, appellant filed a motion to suppress, claiming "the traffic stop and seizure of his person was improper." A hearing was held on June 4, 2004. By judgment entry filed June 18, 2004, the trial court denied said motion.
 {¶ 3} On July 12, 2004, appellant filed a supplement to motion to suppress, claiming "the State of Ohio has failed to comply with the requisites for urine testing as set forth in the Ohio Department of Health Regulations." A hearing was held on September 22, 2004. By judgment entry filed October 5, 2004, the trial court denied the motion.
 {¶ 4} On October 27, 2004, appellant pled no contest to the charges. The trial court found appellant guilty and sentenced him to ninety days in jail and imposed a $300 fine and court costs.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "The trial court committed harmful error in denying the defendant-appellant's first motion to suppress evidence."
 II {¶ 7} "The trial court committed harmful error in denying the defendant-appellant's second motion to suppress evidence."
 I, II {¶ 8} Appellant claims the trial court erred in denying his two motions to suppress evidence. We disagree.
 {¶ 9} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; State v.Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 FIRST MOTION {¶ 10} Appellant argues Trooper Maines did not have a reasonable suspicion of criminal behavior to initiate a stop.
 {¶ 11} In Terry v. Ohio (1968), 392 U.S. 1, 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus.
 {¶ 12} In its judgment entry of June 18, 2004, the trial court found the following facts were sufficient to establish probable cause to stop appellant:
 {¶ 13} "On the early morning hours of March 19, 2004, defendant, Adam J. Brush, was traveling northbound on State Route 79 in Newark, Ohio. At the same time and place, Trooper Maines of the Ohio State Highway Patrol was traveling in the same direction behind the defendant. As the defendant approached the intersection of State Route 16, the trooper observed the defendant cross over the fog line briefly on one occasion. The defendant continued traveling westbound on State Route 16, then changed lanes and moved in to the middle lane and eventually moved in to the left hand lane of State Route 16 heading west. As the defendant did this, he did not activate his turn signal. As a result of these two observations, the trooper stopped the defendant's car."
 {¶ 14} Appellant argues these two observations were insufficient to justify a seizure. Although we may concur the traffic violations were minimal, they were nonetheless violations of the traffic code, R.C. 4511.33
and R.C. 4511.39.
 {¶ 15} Upon review, we find appellant's vehicle was lawfully stopped.
 SECOND MOTION {¶ 16} Appellant argues the state failed to comply with the Department of Health's regulation for refrigeration of a urine sample while in transit:
 {¶ 17} "(E) Blood and urine containers shall be sealed in a manner such that tampering can be detected and have a label which contains at least the following information:
 {¶ 18} "(1) Name of suspect;
 {¶ 19} "(2) Date and time of collection;
 {¶ 20} "(3) Name or initials of person collecting the sample; and
 {¶ 21} "(4) Name or initials of person sealing the sample.
 {¶ 22} "(F) While not in transit or under examination, all blood and urine specimens shall be refrigerated." Ohio Adm. Code 3701-53-05(E) and (F).
 {¶ 23} It is undisputed the urine sample was in transit and unrefrigerated from March 19, 2004 to March 31, 2004. Appellant argues this was an unreasonable period of time. As the Supreme Court of Ohio noted in State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, the requirement of refrigeration is waived while the sample is in transit. Therefore, the burden shifts to appellant to rebut the presumption by demonstrating he has been prejudiced. Further, rigid compliance with the Department of Health regulations is not necessary for the urine test to be admissible. State v. Steele (1977), 52 Ohio St.2d 187.
 {¶ 24} There is no evidence in the transcript of the September 22, 2004 suppression hearing to rebut the undisputed fact that the regulation was not violated nor is there any evidence attacking the reliability and admissibility of the sample on the refrigeration issue. As pointed out by the Burnside court, the issue is the reliability of the test results not the performance requirements of the Ohio Administrative Code.
 {¶ 25} Without any evidence to rebut the reliability of the test, we find the trial court did not err in denying the motion to suppress.
 {¶ 26} Assignments of Error I and II are denied.
 {¶ 27} The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.
Farmer, J. Boggins, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Licking County, Ohio is affirmed.